*1156 OPINION.
Black :•
Petitioner makes, two contentions; as follows:
1. That the exchange- of the Holmans-oil and gas payment due out of oil' and gas to be produced from the Mitchell1 lease for the Dawson Overriding oil and gas-royalty out óf the Mitchell lease was, under the provisions-of section 112 (b)' (1) of the Revenue Act of 1934, a *1157 nontaxable exchange of like kind of property for like kind of property, with no cash difference.
2. That even if the exchange is taxable, the gain to be recognized is only the difference between $15,000 (fair market value of the' Dawson royalty at the time of exchange) and $13,216.80 (the amount conceded to represent the nnrecovered cost of the Holmans oil payment).
The evidence supports the figures which have been stated by petitioner and we have so found in our findings of fact.
We shall first take up and decide petitioner’s first contention, which, if correct, is determinative of the case. Section 112 (b) (1) of the Revenue Act of 1934 reads as follows:
(b)i Exchanges Solely in Kind.—
(1) Property held por productive use or investment. — No gain or loss shall be recognized if property held for productive use in trade or business or for investment (not including stock in trade or other property held primarily for sale, nor stocks, bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of indebtedness or interest) is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment.
The exceptions to the recognition of gain on a, sale or exchange provided in section 112, including the one which we have just quoted, will be strictly construed as an exception to the general rule that gain is to be recognized and taxed when it is realized. Cf. Connecticut Power Co., 28 B. T. A. 38.
We agree with petitioner that the Holmans oil payment prior to its exchange for the Dawson overriding royalty was held by petitioner for productive use or investment in its trade or business, and we likewise agree that the Dawson royalty was so held by petitioner after it was received in exchange for the Holmans oil payment, but we do not agree that the two properties were of “like kind” within the meaning of the section of the statute just above quoted.
There are two differences in the rights created by the Holmans oil payment and the Dawson overriding royalty, both of which we regard as differences of substance and not of mere form. The first difference is that the Holmans oil payment was limited in amount— that is, the right of the holder terminated after a specified amount of proceeds derived from oil and gas produced on the lease had been received by the holder of the oil payment, while the rights of the holder of the Dawson overriding royalty continued for so long as oil or gas might be produced from the leased property.
The second difference was in the fractions of the oil and gas which were to be applied currently to the oil and gas payment and to the overriding royalty. In the instant case, the fraction of the ml and gas produced on the lease which was to be applied currently *1158 to the Holmans oil payment until it was extinguished was four-eighths of the entire production of oil and gas from the property. That which was to be paid under the Dawson overriding royalty was five thirty-seconds of seven-eighths of the oil and gas until the Holmans oil payment had been paid, and then it became a one-fourth overriding oil and gas royalty, one-fourth of seven-eighths.
While we agree with petitioner that there are some points of similarity between the Holmans oil payment and the Dawson overriding royalty, the differences which we have pointed out are so substantial that we do not think the exchange in question falls within the provisions of section 112 (b) (1). On this point the Commissioner is sustained.
As we have already stated, we agree with petitioner on its second point. It is conceded that petitioner has an unrecovered cost basis in the Holmans oil payment of $13,216.80. We have found the value of the Dawson overriding royalty at the time of the exchange to be $15,000. Petitioner’s gain from the exchange should be recomputed by the use of these figures.

Decision will be entered tinder Rule 50.